# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY CRUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1199-JDT-cgc |
| | ) | |
| JODY S. PICKENS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On September 11, 2019, Plaintiff Jimmy Cruse, who is incarcerated at the Madison County Criminal Justice Complex in Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Cruse submitted the necessary documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as District Attorney General Jody S. Pickens and Assistant District Attorney Eric Woods.

Cruse alleges that on November 18, 2017, Jackson Police Officer Overton (who is not named as a Defendant) did not administer a "mandatory Alcohol test" when he pulled Cruse over for driving under the influence. (ECF No. 1 at PageID 2.) Cruse asserts that

the District Attorney's office knew that Officer Overton failed to administer the test, in violation of Tennessee law, and "allowed him to guess & testify to BAC [blood-alcohol content] without the use of equipment." (*Id.*) Cruse's first trial on the charges took place in March 2019 but resulted in a hung jury. (*Id.* at PageID 3.) Cruse was tried again in May 2019 and convicted. (*Id.*) Cruse in passing alleges that the District Attorney's Office unequally enforces state law against African Americans. (*Id.*)

Cruse seeks "$1000.00 for ever[y]day I was [i]ncarcerated because of the DA's office not enforcing Tenn Code Annotated." (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by

factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Cruse filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Cruse seeks to assert a claim against Defendants Pickens and Woods in their official capacities, the claims are considered claims against the State of Tennessee.[1] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535

---

[1] Pickens is the District Attorney General for the Twenty-Sixth Judicial District of Tennessee, and Woods is an Assistant District Attorney. *See* https://www.madisoncountytn.gov/79/District-Attorney-General. As such, they are employees of the State of Tennessee. *See White v. Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (noting that district attorneys general and their assistants "prosecute suits on behalf of the state, Tenn. Code Ann. § 8-7-103, and receive an annual salary payable out of the state treasury, Tenn. Code Ann. §§ 8-7-105 and 8-7-201" and therefore are employees of the State of Tennessee); *see also Hembree v. Office of the Dist. Attorney Gen. for the 13th Judicial Dist. of Tenn.*, No. 2:18-cv-00097, 2019 WL 1437913, at *2 (M.D. Tenn. Apr. 1, 2019).

U.S. 613, 617 (2002); *Will*, 491 U.S. at 71. Cruse thus has no claim for money damages against Defendant Pickens or Woods in their official capacities.

Cruse does not allege that Pickens or Woods was the prosecutor in his criminal case. Even if they were, prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012).

Nor does Cruse allege that Pickens or Woods personally was aware of Officer Overton's allegedly problematic actions and approved his failure to administer a blood-alcohol test on Cruse during the traffic stop. Nonetheless, § 1983 does not provide a remedy for violations of state laws or regulations. *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate.").

Moreover, Cruse is barred from seeking damages related to his criminal prosecution. The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its

duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see also Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Cruse seeks to challenge the conduct of state officials leading to his criminal conviction and sentence, but he does not allege that his conviction or sentence has been invalidated. He is therefore barred from raising his challenges in this § 1983 action.

For these reasons, Cruse's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES this case for failure to state a claim on which relief can be granted and for seeking monetary relief from a Defendant immune from that relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Cruse in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Cruse nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Cruse is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current,

certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Cruse, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                      s/ **James D. Todd**
                                      JAMES D. TODD
                                      UNITED STATES DISTRICT JUDGE